**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carolyn MacArthur, ) | No. CV-07-0015-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Michael J. Astrue, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff brought this action seeking review of the Social Security Administration's decision that she is not eligible for disability insurance benefits pursuant to 42 U.S.C. § 423(c). The court has before it plaintiff's motion for summary judgment (doc. 9), defendant's response (doc. 10) and cross-motion for summary judgment (doc. 11), and plaintiff's response and reply (doc. 14). For the reasons below, we deny defendant's motion for summary judgment, and we grant in part and deny in part plaintiff's motion for summary judgment and remand to the ALJ for further proceedings.

**I**

Plaintiff filed for disability benefits on November 25, 2002, claiming a disability onset date of October 1, 1992. Her date last insured was March 31, 1997. She alleges that she suffers from chronic obstructive pulmonary disorder, bronchitis, asthma, emphysema, breast cancer, depression, anxiety, osteoporosis, and ulcers. Tr. 21, 72. Following a hearing on

1  March 31, 2005, the Administrative Law Judge ("ALJ") issued a decision finding plaintiff
2  ineligible for benefits. That decision became the final decision of the Commissioner when
3  the Appeals Council denied plaintiff's request for review. Plaintiff initiated this action for
4  judicial review pursuant to 42 U.S.C. § 405(g).

5  An ALJ's decision to deny benefits will be overturned "only if it is not supported by
6  substantial evidence or is based on legal error." Morgan v. Comm'r of Soc. Sec. Admin.,
7  169 F.3d 595, 599 (9th Cir. 1999). Substantial evidence is "such relevant evidence as a
8  reasonable mind might accept as adequate to support a conclusion." Id. Under this standard,
9  an ALJ's findings must be upheld "if supported by inferences reasonably drawn from the
10 record," Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004), even
11 where "evidence exists to support more than one rational interpretation." Id.

12 In order to receive disability insurance benefits, plaintiff must establish that she
13 became disabled prior to the expiration of her insured status. 42 U.S.C. § 423(c); 20 C.F.R.
14 § 404.315; see Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). If a claimant does
15 not apply for benefits until after the expiration of her insured status, she must further
16 establish that the disability has been "continuously disabling from the time of onset during
17 insured status to the time of application for benefits." Flaten v. Sec. of Health & Human
18 Servs., 44 F.3d 1453, 1460 (9th Cir. 1995). Therefore, plaintiff must show that she has been
19 continuously disabled from October 1, 1992, the date of alleged onset, through November
20 25, 2002, the date she applied for disability insurance benefits.

21 At step two of the five-step sequential evaluation process, the ALJ found that plaintiff
22 failed to establish that any of her physical or mental impairments, either alone or in
23 combination, are medically severe. See 20 C.F.R. § 404.1520(a)(4)(ii). Accordingly, the
24 ALJ concluded that plaintiff is not disabled. An impairment is deemed severe if it is shown
25 to significantly limit an individual's physical or mental ability to perform basic work
26 activities, 20 C.F.R. § 404.1520(c), such as walking, standing, sitting, lifting, pushing,
27 pulling, reaching, seeing, hearing or speaking; understanding, carrying out, and remembering
28 simple instructions; use of judgment; and responding appropriately to supervision, co-

1 workers, and usual work situations. Id. at § 404.1521(b)(1) - (6). The claimant bears the
2 burden of proving that she is disabled. Johnson, 60 F.3d at 1432. "Claimant must produce
3 complete and detailed objective medical reports of her condition from licensed medical
4 professionals." Id. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(e)).

5       The step two inquiry is a de minimis screening device used to dispose of groundless
6 claims. Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005). An ALJ may find that a
7 claimant lacks a medically severe impairment or combination of impairments at step two only
8 when her conclusion is "clearly established by medical evidence." Id. (citing S.S.R. 85-28).

**II**

10       The Commissioner contends that the ALJ's conclusion must be affirmed because the
11 record is devoid of evidence regarding the functional limitations resulting from plaintiff's
12 physical or mental condition. Defendant's Memorandum at 4. Although the burden of
13 demonstrating a disability lies with the plaintiff, the ALJ has "an affirmative duty to
14 supplement [plaintiff's] medical record, to the extent it was incomplete, before rejecting
15 [plaintiff's] petition at so early a stage in the analysis." Webb, 433 F.3d at 687 (citing 20
16 C.F.R. § 404.1512(e)(1)). "One of the means available to an ALJ to supplement an
17 inadequate medical record is to order a consultative examination, i.e., a physical or mental
18 examination or test purchased for a claimant at the Social Security Administration's request
19 and expense." Reed v. Massanari, 270 F.3d 838, 841 (9th Cir. 2001) (quoting 20 C.F.R. §§
20 404.1519, 416.919). The ALJ's duty to supplement the record is triggered by ambiguous
21 evidence, the ALJ's own conclusion that the record is inadequate, or the ALJ's reliance on
22 an expert's conclusion that the evidence is ambiguous. Id. at 842.

23       On September 27, 2004, plaintiff's counsel requested a consultative evaluation to rate
24 the severity of the functional limitations of her mental condition. The ALJ did not expressly
25 rule on plaintiff's request for a consultative mental evaluation, in effect denying the request
26 without comment. It is clear from the record, however, that plaintiff has a long history of
27 treatment for mental disorders. Her depression and anxiety were initially diagnosed in 1993
28 and medical records suggest that she was treated for depression and anxiety through her last

1 date insured in 1997. In June 1994, Dr. Sheri Gibson, plaintiff's primary care physician, 2 noted "severe bouts of depression." Tr. 466. In September and October 1994 and in March 3 1995, Dr. Gibson treated plaintiff for increased anxiety and depression. Tr. 458, 456, 451. 4 On August, 13, 1996, Dr. Sheldon Wagman diagnosed plaintiff with depression. Tr. 561. 5 Then, between September 1997 and May 1999, there was no mention of depression or 6 anxiety in the medical record, although plaintiff was still prescribed medications for these 7 conditions. Defendant acknowledges that the record contains no evidence regarding the 8 functional limitations resulting from plaintiff's otherwise well-documented mental condition. 9 Defendant's Memorandum at 4.

10 Our review of the entire record provides no indication that plaintiff's mental disorders 11 were so severe as to significantly limit her ability to perform basic work activities; however, 12 we are constrained to review decisions based on the reasons the ALJ asserts. Robbins v. Soc. 13 Sec. Admin., 466 F.3d 880, 884 n.2 (9th Cir. 2005); Connett v. Barnhart, 340 F.3d 871, 874 14 (9th Cir. 2003). The ALJ only addressed mental health treatment by psychiatrist Celia 15 Rodriguez who, in August 2004, diagnosed plaintiff with major depressive disorder and 16 found her to be disabled. Tr. 557. The ALJ did not address any of the objective evidence 17 contained in the record of plaintiff's mental health treatment during the insured period. 18 Because the ALJ did not provide *any* reason for rejecting plaintiff's request for consultative 19 exam and did not discuss plaintiff's mental health treatment during the insured period, we 20 remand to the ALJ for further consideration of whether plaintiff's mental health impairment, 21 either alone or in combination with other impairments, is severe.

**III**

23 Plaintiff also contends that the ALJ erred in failing to appropriately evaluate third-24 party witness statements. Lay testimony is competent evidence of the severity of impairment 25 and must be considered unless the ALJ expressly determines to disregard it and gives reasons 26 germane to each witness for doing so. Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993); 27 Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). Such evidence "*cannot* be disregarded 28 without comment." Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996) (emphasis in

original). Seven third-party witness statements were submitted in connection with plaintiff's claim. Tr. 105-17. The ALJ did not evaluate the statements separately, but instead rejected them together, explaining only that they are not entirely credible in light of discrepancies between plaintiff's assertions and the medical record. Tr. 21. Defendant provides a post hoc justification for the ALJ's conclusion, suggesting that the lay testimony generally referred to the severity of plaintiff's condition in 2003 and 2004, dates outside the relevant time frame. We are constrained, however, to review the reason given by the ALJ to disregard the statements. Because the ALJ did not provide adequate reasons for disregarding the lay witness statements, we remand to the ALJ for further evaluation.

## IV

Finally, plaintiff contends that the ALJ erred in failing to properly evaluate plaintiff's credibility regarding her inability to work. Plaintiff testified that prior to the expiration of her insured status, her depression was debilitating to the extent that she was unable to function. Tr. 592, 594. In order to reject plaintiff's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006). Without affirmative evidence that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be clear and convincing, and must specifically identify what testimony is credible and what testimony undermines the claimant's complaints. Id.

The ALJ concluded that plaintiff's testimony was "not entirely credible in light of discrepancies between the claimant's assertions and information contained in the documentary reports and the reports of the treating and examining practitioners." Tr. 21. She stated that plaintiff did not receive the type of medical treatment expected for a "totally disabled" individual; she performed minimal work activity after her alleged onset date; and her appearance and demeanor were "generally unpersuasive while testifying at the hearing." Tr. 22.

Although the ALJ noted that plaintiff's breast cancer was in remission, she failed to discuss plaintiff's testimony regarding the functional limitations resulting from either her

chronic obstructive pulmonary disorder or her mental impairments, or whether that testimony was inconsistent with the objective medical evidence in the record. The ALJ's generalized explanation, without reference to relevant portions of the record, falls far short of the clear and convincing standard required to support the rejection of a claimant's subjective complaints.

**V**

In sum, while it is possible that the administrative record would support a finding that the plaintiff was not disabled, the reasons advanced by the ALJ to support that conclusion are inadequate under the relevant standard of review.

Accordingly, **IT IS ORDERED DENYING** defendant's cross-motion for summary judgment (doc. 11).

**IT IS FURTHER ORDERED GRANTING** in part and **DENYING** in part plaintiff's motion for summary judgment (doc. 9) and **REMANDING** the case to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further consideration in accordance with this order. The clerk is directed to enter final judgment.

DATED this 29th day of November, 2007.

/s/ Frederick J. Martone
Frederick J. Martone
United States District Judge